**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION**

| | | |
|---|---|---|
| JENNIFER JOHNSON, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| VS. | * | CASE NO. 6:05-CV-55 (HL) |
| | * | 28 U.S.C. § 2254 |
| GUY HICKMAN, Warden, and | * | |
| THURBERT BAKER, | * | |
| | * | |
| Respondents. | * | |

### REPORT AND RECOMMENDATION

Before the court is Respondent's Motion to Dismiss Petition As Untimely. On August 19, 1997, Petitioner Jennifer Johnson, who is currently serving a sentence in the Pulaski State Prison in Hawkinsville, Georgia, was convicted of felony murder and cruelty to children. Petitioner was sentenced to serve life in prison for the convictions. The Petitioner thereafter filed a direct appeal to the Georgia Supreme Court wherein the Court affirmed her convictions on July 6, 1998. Petitioner's Motion for Reconsideration was denied on July 30, 1998. On September 11, 2000, the Petitioner filed a state habeas corpus petition in the Washington County Superior Court which was denied on August 22, 2001. The Petitioner did not file an application for certificate of probable cause to appeal with the Georgia Supreme Court. Thereafter, the Petitioner filed the current petition on October 14, 2005. The Respondent then filed his Answer and Motion to Dismiss on January 9, 2005.

### The AEDPA Period of Limitations

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was

enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(28 U.S.C. § 2244(d).

Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of **direct review** or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). (emphasis added). In *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit Court of Appeals joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final." Id*. at 1339. The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

*Id*. at 1338.

Respondent is correct in that Petitioner's instant petition is untimely under 28 U.S.C. § 2244(d). Pursuant to Georgia Supreme Court Rule 38(1), Petitioner had 10 days after judgment in the Georgia Supreme Court, filed on July 30, 1998, within which to file an application for *writ of certiorari*. Since Petitioner did not seek certiorari to the Georgia Supreme Court, her judgment of conviction became final on August 9, 1998, which was the day following the 10 day period to seek certiorari from the denial of her direct appeal pursuant to Georgia Supreme Court Rule 38(1).[1] Therefore, the AEDPA statute of limitations began to run on Petitioner's § 2254 action on August 10, 1998.

As set out above, the one-year limitation period *is* tolled during the pendency of a properly filed state post-conviction proceeding. When Petitioner filed her state habeas petition in the Washington County Superior Court on September 11, 2000, her AEDPA statute of limitations which had begun to run on August 10, 1998, was tolled.

---

[1] Because the Petitioner failed to file a *writ of certiorari* to the Georgia Supreme Court, there is no reason to apply the ninety days Petitioner would have had to apply for certiorari to the U.S. Supreme Court.

In *Justice v. United States,* 6 F. 3d 1474 (1993), the Eleventh Circuit Court of Appeals cited with approval the Supreme Court in *United States v. Ibarra,* 502 U. S. 1, note 2, 112 S. Ct. 4, 5 n. 2. (1991), "holding that when time bar is suspended because of equitable tolling and begins to run upon happening of subsequent events, the time remaining is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped." *Justice,* at 1478. Here, as stated *supra*, the state habeas petition filed on September 11, 2000, was denied on August 22, 2001. The Petitioner did not file an application for certificate of probable cause to appeal with the Georgia Supreme Court. As such, her limitations period began to run again on September 21, 2001, the day after the thirty day period in which she could have filed for a certificate of probable cause to appeal with the Georgia Supreme Court. The latest the Petitioner could have filed a timely federal habeas petition in this court, therefore, would have been September 20, 2002. However, the Petitioner waited until October 14, 2005, to file the current petition, more than three years following the end of her limitations period.

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application to this Court for Habeas Relief under 28 U.S.C. § 2244(d) be **GRANTED**, and Petitioner's action be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 9th day of January, 2006.

                                               S/G. MALLON FAIRCLOTH
                                               UNITED STATES MAGISTRATE JUDGE