IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| JENNIFER JOHNSON, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| VS. | * | CASE NO. 6:05-CV-55 (HL) |
| | * | 28 U.S.C. § 2254 |
| GUY HICKMAN, Warden, and | * | |
| THURBERT BAKER, | * | |
| | * | |
| Respondents. | * | |

## AMENDMENT TO REPORT AND RECOMMENDATION AND ORDER DENYING MOTION TO STAY

The Amendment to the Report and Recommendation filed on January 9, 2006, is submitted solely to address the error made in calculating Petitioner's time periods. Also before the court is Petitioner's Motion to Stay, requesting that the court refrain from ruling on her federal habeas corpus petition until such time that she petitions the Georgia Supreme Court for an out of time Application for Probable Cause to Appeal the denial of her state habeas corpus petition.

As was noted in the Report and Recommendation filed in this case on January 9, 2006, Petitioner Jennifer Johnson, who is currently serving a sentence in the Pulaski State Prison in Hawkinsville, Georgia, was convicted of felony murder and cruelty to children on August 19, 1997. Petitioner was sentenced to serve life in prison for the convictions. The Petitioner thereafter filed a direct appeal to the Georgia Supreme Court wherein the Court affirmed her convictions on July 6, 1998. Petitioner's Motion for Reconsideration was denied on July 30, 1998. On September 11, 2000, the Petitioner filed a state habeas corpus

petition in the Washington County Superior Court which was denied on August 22, 2001. The Petitioner did not file an application for certificate of probable cause to appeal with the Georgia Supreme Court. More than four years thereafter, the Petitioner filed the current petition on October 14, 2005.

As was also noted in the Recommendation in this case, the Petitioner's current application was untimely pursuant to the AEDPA one-year limitations period. *See,* 28 U.S.C. § 2244. The court, however, miscalculated the time period during which Petitioner could file a *writ of certiorari* to the United States Supreme Court. Pursuant to 28 U.S.C. § 2244(d)(1)(A), Petitioner had 90 days after her convictions were affirmed in the Georgia Supreme Court, filed on July 30, 1998, within which to file an application for a *writ of certiorari* in the United States Supreme Court. Since Petitioner did not seek certiorari to the United States Supreme Court, her judgment of conviction became final on October 28, 1998, the day following the 90 day period to seek certiorari from the denial of her direct appeal. *Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072 (2003). Therefore, the AEDPA statute of limitations began to run on Petitioner's § 2254 action on October 29, 1998 and expired one year later, on October 28, 1999.

The 11th Circuit Court of Appeals has held that "[a] **state court** petition that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore,* 199 F.3d 1256, 1259 (11th Cir. 2000). *See Tinker v. Moore*, 255 F.3d 1331 (11th Cir. 2001) (prisoner's motion for post-conviction relief in state court, filed one year and four months after judgment of robbery conviction became

final, did not toll the one year limitation of the AEDPA, and such limitation did not violate the *Suspension Clause*.). Therefore, when Petitioner filed her state habeas petition in the Washington County Superior Court on September 11, 2000, her federal AEDPA limitations period which had expired on October 28, 1999, could not be tolled as there was no time left to be tolled.

As to Petitioner's Motion to Stay, wherein she requests that the court refrain from ruling on her federal habeas corpus petition until such time that she petitions the Georgia Supreme Court for an out of time Application for Probable Cause to Appeal the denial of her state habeas corpus petition, the court finds that even were the Petitioner granted permission to file an out of time Certificate of Probable Cause to Appeal the denial of her state habeas corpus petition, the Petitioner's current federal habeas corpus petition would still be time-barred. As such the court is without jurisdiction to review the merits of the case.

WHEREFORE, the Petitioner's Motion to Stay is hereby DENIED.

**SO ORDERED,** this 1st day of February, 2006.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE