IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| JENNIFER JOHNSON, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| VS. | * | CASE NO. 6:05-CV-55 (HL) |
| | * | 28 U.S.C. § 2254 |
| GUY HICKMAN, Warden, and | * | |
| THURBERT BAKER, | * | |
| | * | |
| Respondents. | * | |

**REPORT AND RECOMMENDATION**

Before the court is Respondent's Motion to Dismiss Petition As Untimely, which was filed on January 9, 2006. Petitioner Jennifer Johnson is currently serving a life sentence in the Pulaski State Prison in Hawkinsville, Georgia. She was convicted of felony murder and cruelty to children on August 19, 1997. Petitioner Johnson timely filed a direct appeal to the Georgia Supreme Court which affirmed her convictions and sentence on July 6, 1998. The Georgia Supreme Court denied Petitioner's Motion for Reconsideration on July 30, 1998. On September 11, 2000, the Petitioner filed a state habeas corpus petition in Washington County Superior Court, which was denied on August 22, 2001. The Petitioner did not file an application for certificate of probable cause to appeal with the Georgia Supreme Court. On October 14, 2005, however, Petitioner Johnson filed her present § 2254 petition. The Respondent filed his Answer and Motion to Dismiss on January 9, 2006.

The AEDPA Period of Limitations

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(28 U.S.C. § 2244(d).

Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of **direct review** or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). (emphasis added). In *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit Court of Appeals joined other Circuits in holding that the AEDPA provides,

*inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final." Id*. at 1339. The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

*Id*. at 1338.

Respondent is correct in that Petitioner's instant petition is untimely under 28 U.S.C. § 2244(d). Pursuant to 28 U.S.C. § 2244(d)(1)(A), Petitioner had 90 days after her convictions were affirmed in the Georgia Supreme Court on July 30, 1998, within which to file an application for a *writ of certiorari* in the United States Supreme Court. Although Petitioner did not seek *certiorari*, her judgment of conviction became final on October 28, 1998, the day following the 90 day period to seek *certiorari* from the denial of her direct appeal. *Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072 (2003). Therefore, the AEDPA statute of limitations began to run on Petitioner's § 2254 action on October 29, 1998 and expired one year later, on October 28, 1999.

The 11th Circuit Court of Appeals has held that "[a] **state court** petition that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore,* 199 F.3d 1256, 1259 (11th Cir. 2000). *See Tinker v. Moore*, 255 F.3d 1331 (11th Cir. 2001) (prisoner's motion for post-conviction relief

in state court, filed one year and four months after judgment of robbery conviction became final, did not toll the one year limitation of the AEDPA, and such limitation did not violate the *Suspension Clause*.).  Therefore, when Petitioner filed her state habeas petition in the Washington County Superior Court on September 11, 2000, her federal AEDPA limitations period which had expired on October 28, 1999, could not be tolled as there was no time left to be tolled.

On March 7, 2006, Petitioner filed a Reply Brief to Respondent's Motion to Dismiss, wherein she continuee to argue the merits of her case, even though she acknowledges that she is outside of the AEDPA one-year limitation period, but alleges that it would be "unconscionable to enforce the limitation (1 year A.E.D.P.A.) against the party (petitioner)." She argues that the doctrine of equitable tolling may be available to her if she were allowed to present evidence not presented earlier due to circumstances beyond her control.  As to those circumstances, she alleges that her attorney never advised her of the one year limitations period within which she could properly file a § 2254 petition.  However, the Eleventh Circuit has held that "Attorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline." *Howell v. Crosby,* 415 F.3d 1250, (11th Cir. 2005).  Thus, Petitioner's contention that she is entitled to equitable tolling is without merit.

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application to this Court for Habeas Relief under 28 U.S.C. § 2244(d) be

**GRANTED**, and Petitioner's action be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 9th day of March, 2006.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

sWe